THE TRUSTEES OF THE FIRST PRESBYTERIAN CHURCH IN NEWARK, A NEW JERSEY CORPORATION, PLAIN-TIFF-APPELLANT, v. THE HOWARD COMPANY–JEWEL-ERS, A CORPORATION OF THE STATE OF NEW JER-SEY, DEFENDANT-RESPONDENT.

Argued May 11, 1953—Decided June 1, 1953.

*Mr. Everett M. Scherer* argued the cause for the appellant (*Messrs. Riker, Emery and Danzig,* attorneys; *Mr. Theodore McC. Marsh* on the brief).

*Mr. Herman J. Harris* argued the cause for the respondent (*Messrs. Osborne, Cornish and Scheck,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This action was brought by the plaintiff-appellant to recover damages suffered by it as the result of an alleged breach of contract by the defendant-respondent. The trial court, sitting without a jury, entered a judgment in the plaintiff's favor and filed an opinion which is reported in 19 *N. J. Super.* 168 (1952). On appeal to the Superior

Court, Appellate Division, the judgment of the trial court was reversed, 22 *N. J. Super.* 494 (1952), and we granted certification on the appellant's petition therefor.

The facts are set forth at some length in the opinions of the lower tribunals and such facts as are essential to the disposition of the matter here are again repeated. There is no dispute as to the essential facts.

The appellant board of trustees is the owner of the premises located at 813 Broad Street, Newark, New Jersey. A store at that location was occupied by I. Hausman & Sons, Inc. under a lease which was to expire on April 30, 1952. The Hausman concern desired to terminate the lease and so informed Ralph B. Schwebemeyer, appellant's renting and managing agent. Negotiations then were had between Schwebemeyer and Mr. Linder, president of the defendant-respondent, respecting the leasing of the premises. On May 2, 1950 Linder signed a letter addressed to Schwebemeyer in which it was stated that "We now advise we are prepared to enter into a lease for the store premises * * *, provided we can do so on the following basis":—the terms were thereafter set out. The letter also stated: "If this proposal be approved, it is our intention to take a lease in the name of The Howard Company, Jewelers * * *. Inasmuch as we are now in process of deciding upon our future course of action, it is essential that we have your early advice with respect to the foregoing."

At a special meeting of the appellant-trustees held on May 4, 1950, a resolution was adopted stating that they "accepted the proposal and authorized Mr. Schwebemeyer to request Mr. Irving Riker to prepare leases embodying the terms of the proposal." The respondent was informed of the "acceptance" by Mr. Schwebemeyer on May 11, 1950, and the Hausman Company was released from its lease by the appellant. Mr. Riker's office, on behalf of the trustees, then prepared a "proposed lease" and Mr. Schwebemeyer submitted it to the respondent's attorney with a covering letter which stated "Should you like me to do so, I will be glad to join you in consideration of its contents at your convenience."

The proposed lease contained the usual clauses of the long form lease which were not included or discussed in the correspondence, such as those relating to repairs, insurance, subordination to the mortgage, inspection of the books, assignment of the lease, use of sidewalk, termination by vacation of the premises, bankruptcy, etc. Mr. Linder, respondent's president, refused to sign the proffered lease and it was never executed. The premises remained vacant until October 1, 1950, and the plaintiff-appellant instituted this action seeking to recover in damages (1) $6,000 for the loss of rent, (2) $5,124.16 for real estate agent's commissions, and (3) $250 in counsel fees and costs.

The trial court held the letter of May 2 from Mr. Linder was an offer and that the resolution adopted by the trustees on May 4 was an acceptance of that offer which resulted in a binding contract, and accordingly entered judgment for the sum demanded.

The Appellate Division reversed on the ground that the respondent's letter was not an offer to contract but a proposal to enter into a lease the terms of which would be settled after negotiation between the parties, and it found as a fact from the circumstances that neither party intended a contract until the many terms involved in such a letting for a long term of such a valuable piece of property were agreed upon and embodied in an executed writing.

The question therefore presented for our determination is whether there was such an offer and acceptance out of which a binding contract between the parties arose, despite the fact that the formality of a written lease was within the contemplation of the parties. Our decision will turn on the application of the elementary principles of contract law to the circumstances of this case.

It is a well-established principle of contract law that to constitute a binding contract in such circumstances the proposition of one party must be met by an acceptance of the other, which corresponds with it entirely and adequately; and that until the actual completion of the bargain, either party is at liberty to withdraw his consent and put an

end to the negotiation. *Water Commissioners of Jersey City v. Brown*, 32 *N. J. L.* 504, 509 (*E. & A.* 1866); 1 *Williston on Contracts, section* 28; *Restatement of the Law of Contracts, sections* 25 and 26. *Cf. Donnelly v. Currie Hdwe. Co.*, 66 *N. J. L.* 388 (*Sup. Ct.* 1901); *McCulloch v. Lake & Risley Co.*, 91 *N. J. L.* 381 (*Sup. Ct.* 1918); *Wharton v. Stoutenburgh*, 35 *N. J. Eq.* 266 (*E. & A.* 1882); *Levine v. Lafayette Bldg. Corp.*, 103 *N. J. Eq.* 121, 129 (*Ch.* 1928).

■ The question is primarily one of intention and an offer to constitute a contract must be in a form which is intended of itself to create legal relations on its acceptance. It must contemplate the assumption of legal rights and duties and must show a clear intention to assume liability. *Broad Street National Bank of Trenton v. Collier*, 112 *N. J. L.* 41 (*Sup. Ct.* 1933), affirmed 113 *N. J. L.* 303 (*E. & A.* 1934).

■ Under the facts and circumstances of this case we cannot bring ourselves to a conclusion that the respondent intended by its offer that an acceptance thereof would constitute the full contractual expression of the parties with respect to the liabilities and duties to be assumed under the proposed lease. From all the circumstances it seems reasonably clear that both parties considered that many terms remained to be agreed upon despite the fact that the basic terms, the length of the lease and the amount of the rent, had been definitely settled. It is common experience that the lease of a valuable piece of property such as this is never based solely upon the length of the term or rental alone, and until there is an agreement as to the other essential terms usually found in such a lease and ordinarily formalized in the writing, no binding contract exists.

A few of the terms in the proposed lease were such that ordinarily would be implied if they had been omitted from the lease, but many of the other terms were important items which could not be implied into the contract and which had to be settled by agreement, and as to these we cannot spell out from the respondent's offer an intention of complete acquiescence with respect to such terms. The minds of the parties never met in the sense required by the rule above

quoted from *Water Commissioners of Jersey City v. Brown,*
*supra.*

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices
HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and
BRENNAN—7.

*For reversal*—None.